RENDERED: JULY 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2025-CA-0949-MR

GINO GREGORY                                                    APPELLANT

v.
APPEAL FROM MONROE CIRCUIT COURT
HONORABLE DAVID WILLIAMS, JUDGE
ACTION NO. 25-CR-00027

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2025, Gino Gregory (Gregory) pled guilty to first-degree possession of a controlled substance, first offense (methamphetamine), in Monroe Circuit Court. This made him eligible for "presumptive probation." KRS[1] 218A.1415(2)(d). The Commonwealth recommended a two-year sentence probated for four years with conditions. Following a plea colloquy, the court

---

[1] Kentucky Revised Statutes.

entered a final judgment imposing a two-year sentence, probated for four years with supervision, thus memorializing the agreed-upon terms. Gregory appeals to this Court as a matter of right, challenging imposition of the four-year probation term as exceeding the maximum three-year term authorized under KRS 218A.1415(2)(a) and KRS 218A.010(44). For the following reasons, we vacate and remand.

## **STANDARD OF REVIEW**

This issue is unpreserved. Gregory correctly cites that unlawful sentencing issues can be raised for the first time on appeal. *E.g.*, *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010). However, it is unclear whether "probation standing alone" is considered a "sentence." *Higgins v. Commonwealth*, No. 2023-CA-1327-MR, 2025 WL 2005373, at *8 (Ky. App. Jul. 18, 2025), *review granted* (Mar. 11, 2026) (citing *Commonwealth v. Moreland*, 681 S.W.3d 102, 106 (Ky. 2023)). In any event, palpable error review is available.

Palpable error occurs only if it results in manifest injustice. RCr[2] 10.26. However, we are not required to review an unpreserved error. RCr 10.26 provides that an appellate court *may* review for palpable error. *See Caldwell v. Commonwealth*, 133 S.W.3d 445, 451 (Ky. 2004) (declining to review the

---

[2] Kentucky Rules of Criminal Procedure.

argument that the trial court should have sua sponte instructed on lesser included offenses).  Yet, "[i]mplicit in the concept of palpable error correction is that the error is so obvious that the trial court was remiss in failing to act upon it sua sponte."  *Lamb v. Commonwealth*, 510 S.W.3d 316, 325 (Ky. 2017).  Thus, despite the absence of Gregory's express invocation of RCr 10.26, exceeding a statutory limitation is an error we would be "remiss in failing to act upon."  *Id*.

## ANALYSIS

The underlying facts and law are undisputed.  For a first or second offense under *Higgins*.[3]

The Court in *Higgins* reversed the denial of CR[4] 60.02 relief where a seven-year shock probation term exceeded the five-year statutory limit, concluding that the circuit court lacked authority to impose or enforce the term and that the judgment enforcing it was void notwithstanding the agreed order.  *Id*. at *1-5.  *See also* KRS 533.020(4) (five-year probation limit for a felony conviction).  *Higgins*' reasoning is persuasive here.  Gregory's offense falls within Chapter 218A's presumptive probation framework which, by express definition, caps probation at the offense's maximum term—three years.  The four-year term thus exceeds

---

[3]  Originally designated for publication, Higgins is now designated not to be published pursuant to operation of RAP 40(D)(2).  As previously cited, the Kentucky Supreme Court has granted discretionary review.  Oral argument has been ordered but not yet scheduled.

[4]  Kentucky Rules of Civil Procedure.

statutory authorization and is void to the extent of the excess, regardless of the parties' agreement.

And while certain rights may be waived, "[l]ike the two-year limit for misdemeanors, the five-year limit on probation for felony offenses is absolute, barring some overriding statute or valid waiver by the defendant (which did not occur here under these facts)." *Higgins*, 2025 WL 2005373, at *8. *Cf. Commonwealth v. Griffin*, 942 S.W.2d 289, 291 (Ky. 1997) ("[E]ven without a finding of necessity, a probationer may knowingly and voluntarily agree to an *extension* of probation beyond five years, for example to avoid revocation of probation.") (emphasis added). Like *Higgins*, "there simply was no extension of [Gregory's] probation – at his own request or over his objection." *Higgins*, 2025 WL 2005373, at *5.

Lastly, the Supreme Court has instructed: "the remedy . . . is remand for resentencing," at which the parties "may now seek a new bargain on how [Gregory] shall serve his sentence; including, if agreed to by the parties, a new period of probation in conformity with the statute." *Commonwealth v. Moreland*, 681 S.W.3d 102, 109 (Ky. 2023).

## CONCLUSION

For the foregoing reasons, we VACATE Gregory's probation agreement and REMAND for further proceedings.

-4-

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Robert C. Yang<br>Louisville, Kentucky | Russell Coleman<br>Attorney General of Kentucky |
| | J. Grant Burdette<br>Assistant Attorney General<br>Frankfort, Kentucky |